# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

JOSEPH KLYMCO,            )
                          )
      Plaintiff,         )
                          )
  vs.                     )    Case No. 07 C 4714
                          )
UNITED PARCEL SERVICE, INC., )
                          )
      Defendant.        )

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Joseph Klymco has sued United Parcel Service, Inc. ("UPS") asserting a claim for discrimination under the Americans with Disabilities Act ("ADA"). UPS has moved for summary judgment. The Court grants the motion for the reasons set forth below.

## Facts

Because UPS has moved for summary judgment, the Court views the facts in the light most favorable to Klymco and draws reasonable inferences in his favor. *See, e.g.*, *Nat'l Athletic Sportswear, Inc. v. Westfield Ins. Co.*, 528 F.3d 508, 512 (7th Cir. 2008).

Since March 1973, Klymco has worked as a feeder driver for UPS at its package center in Addison, Illinois. A feeder driver operates tractor-trailers used to transport packages between package centers and hubs. As part of their duties, feeder drivers maneuver a "dolly," the device that attaches trailers together, and regularly lift equipment and packages. UPS lists the ability to lift up to seventy pounds unassisted

1

as an essential function of the position. Klymco states, however, that he was never required to lift any object that weighed more than fifty pounds without assistance.

Around May 2003, Klymco was injured on the job. While attempting to couple a tractor and a trailer, he experienced a "whiplash effect." Pl. Resp. 2. Klymco claims that, as a result, he suffers from degenerative disk disease at the C5/C6 vertebrae with significant foraminal stenosis. During the next two years, Klymco worked intermittently and took medical leaves of various lengths.

Around May 2005, UPS offered Klymco a position as a guard shack attendant through its Temporary Alternate Work ("TAW") program. The TAW program provides light-duty jobs to employees while they recover from injuries. UPS states that participation in the TAW program is limited to employees with temporary medical restrictions resulting from on-the-job injuries. In January 2006, UPS informed Klymco that he was no longer eligible for the TAW program because it appeared that his restrictions were permanent. As a result, Klymco could no longer work as a guard shack attendant.

Later that month, Klymco requested that UPS return him to his position as a feeder driver with an accommodation for his medical condition. On January 13, 2006, UPS sent Klymco a letter confirming that it had received his request. With that letter, UPS included a Request for Medical Information form to be completed by Klymco's physician and returned to UPS within two weeks. On January 27, 2006, UPS sent another letter to Klymco advising him that it had not yet received the Request for Medical Information form and that if UPS did not receive the form by February 10, it would terminate the accommodation process. Klymco's physician filled out a work

2

status report on February 7, 2006 and sent it to UPS. About two weeks later, however, UPS notified Klymco that it had terminated the accommodation process because it had not received any medical information.

In October 2006, Klymco again initiated an accommodation request, asking that UPS reinstate him as a feeder driver. On October 27, 2006, UPS sent another letter asking him to return a completed Request for Medical Information form. On November 10, UPS informed Klymco that if it did not receive a completed Request for Medical Information form by November 30, it would terminate the process again. On December 11, 2006, UPS notified Klymco that it had terminated his request for accommodation.

On December 13, 2006, UPS received a completed Request for Medical Information form from Klymco's physician. The physician noted on the form that Klymco was restricted from lifting anything heavier than forty-five pounds, maneuvering a dolly, or lifting overhead anything greater than thirty-six pounds. In addition, where the form asked if Klymco was substantially limited in a major life activity, the physician responded "no." Pl. Resp. at 4.

Based on this information, UPS determined that Klymco could not be considered disabled under the ADA and was, therefore, not eligible for an accommodation. UPS notified Klymco of its determination on December 21, 2006.

Klymco filed suit on August 21, 2007, asserting a claim of failure to accommodate a disability in violation of the ADA. 42 U.S.C. § 12112(a) & (b)(5).

## Discussion

Summary judgment is appropriate if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any

3

material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  To determine whether a genuine issue of material fact exists, the Court must view the record in the light most favorable to the nonmoving party and draw reasonable inferences in that party's favor.  *Squibb v. Mem'l Med. Ctr.*, 497 F.3d 775, 780 (7th Cir. 2007).  A genuine issue of material fact exists only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986)**.**

To survive summary judgment on a claim of failure to accommodate under the ADA, a plaintiff must show that (1) he is a qualified individual with a disability; (2) the employer was aware of the disability; and (3) the employer failed to reasonably accommodate the disability.  *Bellino v. Peters*, 530 F.3d 543, 549 (7th Cir. 2008).  A plaintiff can demonstrate that he is disabled by showing (among other alternatives not relevant in this case) that he has a physical impairment that substantially limits one or more major life activities or that he is regarded as disabled by his employer.  42 U.S.C. § 12102(2)(A) & (C).

**A.    Actual disability**

Klymco contends that his neck injury renders him disabled because it substantially limited the major life activities of working, exercising, sitting, and turning his neck.  UPS contends that Klymco's neck injury does not substantially limit any major life activity.

4

### 1. Working

To establish that he is disabled with respect to the major life activity of working,[1] Klymco must show that his impairment prevents him from performing a broad range of jobs or a whole class of jobs as compared to the average person having comparable training, skills, and abilities. 29 C.F.R. § 1630.2(j)(3)(I); *Contreras v. Suncast Corp.* 237 F.3d 756, 762 (7th Cir. 2001). Showing that his impairment precludes him from a particular job is not sufficient to prove that he is substantially limited in the major life activity of working. *Id.* Klymco produced no evidence that his impairment precluded him from performing the duties of any job other than that of a feeder driver. This is insufficient to show that he could not perform a range or class of jobs. *See Squibb*, 497 F.3d at 782-83.

The Seventh Circuit has stated that a severe lifting restriction may create a triable issue as to a plaintiff's inability to perform a class of heavy manual labor jobs. *Cochrum v. Old Ben Coal Co.*, 102 F.3d 908, 911 (7th Cir. 1996) (reversing summary judgment where plaintiff, a roofer, was restricted from any kind of overhead lifting, heavy lifting, or pushing away from his body). Such a restriction must, however, be rather significant to preclude a plaintiff from an entire class of jobs. In *Contreras*, the Seventh Circuit affirmed a trial court's determination on summary judgment that the plaintiff was not disabled even though the plaintiff was restricted from lifting more than forty-five pounds and operating a forklift for more than four hours. *Contreras*, 237 F.3d

---

[1] UPS notes that although the Seventh Circuit has held that working is a major life activity, the Supreme Court has expressed reservations about this conclusion. *See EEOC v. Schneider Nat'l, Inc.*, 481 F.3d 507 (7th Cir. 2007). The Court assumes for purposes of discussion that working qualifies as a major life activity.

at 763. That is essentially the restriction that Klymco had. Under *Contreras*, it is insufficient to constitute a disability.

### 2. Exercise

The Seventh Circuit has not addressed whether exercise is considered a major life activity. Even if the ability to exercise is appropriately considered a major life activity, Klymco's bare assertion that he was unable to exercise lacks evidentiary support. Klymco contends that because he could not jog and could not lift anything heavier than fifty pounds, he could not exercise at all . Pl. Ex. A. ¶ 4. This is a *non sequitur*. Klymco has offered no evidence from which a jury reasonably could find that he was unable to perform less strenuous exercise. As a result, Klymco cannot establish that he was substantially limited in his ability to exercise. *Cf. Squibb*, at 784-85 (citing *EEOC v. Sears Roebuck & Co.*, 417 F.3d 789, 802 (7th Cir. 2005) (comparing plaintiff's assertions that she had difficulty walking with prior case where employee produced evidence that she was unable to walk more than one block and finding that plaintiff failed to show that she was substantially limited in the major life activity of walking)).

### 3. Sitting

Although sitting likely qualifies as a major life activity, the Seventh Circuit has held that the inability to sit for thirty minutes does not amount to a substantial limitation. *Squibb*, 497 F.3d at 785. Because Klymco's assertion that he was limited in the major life activity of sitting rests on his inability to sit still for more than thirty minutes, no reasonable jury could find that he was disabled with respect to sitting.

#### 4. Turning one's neck

Klymco contends that the ability to turn one's neck from side to side qualifies as a major life activity. He has not sustained this contention. As an initial matter, the ability to turn one's neck is not listed by the EEOC as a major life activity. 29 C.F.R. § 1603(I). In addition, Klymco points to no legal authority to back up his argument. His contention that any person would consider this to be a major life activity is without support in the evidence or the law. This is insufficient to withstand summary judgment.

### B. Regarded as disabled

To establish that he is "regarded as" disabled, a plaintiff must prove that either the employer mistakenly believes he has a physical impairment that substantially limits a major life activity, or mistakenly believes that an actual, non-limiting impairment substantially limits a major life activity. *Nese v. Julian Nordic Const. Co.*, 405 F.3d 638, 641 (7th Cir. 2005). Klymco argues his case under the second alternative, contending that UPS considered him "substantially limited in his ability to work" as a result of his neck injury. Pl. Resp. at 9. When the life activity at issue is the ability to work, the plaintiff must show that the employer considered him to be unable to perform a range of jobs, not just a specific job. *Nese*, 405 F.3d at 641.

Klymco contends that UPS's denial of his request to be reinstated as a feeder driver amounted to a judgment that he was unable to perform any jobs for UPS. There is simply nothing in the record to support this. Klymco asked to be reinstated only to a specific position. Though UPS's refusal of his request certainly shows that it did not consider him to be able to perform the duties of a feeder driver, it does not shed any

7

light on whether UPS considered him to be unable to perform any job other than that one, let alone a range or class of jobs. *See Peters v. City of Mauston*, 311 F.3d 835, 843-44 (7th Cir. 2002) (employer's conclusion that employee could not perform the job of "Operator" due to lifting restrictions was insufficient to show that employer regarded employee as disabled)**.**

## Conclusion

Because no reasonable jury could find Klymco to be disabled, the Court need not address UPS's remaining arguments. The Court grants UPS's motion for summary judgment [docket no. 38]. The Clerk is directed to enter judgment in favor of the defendant.

							_____
								MATTHEW F. KENNELLY
								United States District Judge

Date: November 24, 2008